UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASS DYNAMICS, LLC, BOSTON VAPOR, LLC, and LINDA AND JEFFREY VICK d/b/a VICK'S VAPE SHOP, Plaintiffs, v. CHARLES D. BAKER, in his official capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, MONICA BHAREL, M.D., in her official capacity as DEPARTMENT OF PUBLIC HEALTH COMMISSIONER, and COMMONWEALTH OF MASSACHUSETTS, Defendants. | CIVIL ACTION NO. COMPLAINT AND DEMAND FOR JURY TRIAL |

**INTRODUCTION**

Plaintiffs Mass Dynamics, LLC ("Mass Dynamics"), Boston Vapor, LLC

("Boston Vapor"), and Linda and Jeffrey Vick doing business as Vick's Vape Shop

("Vick's") (collectively, the "Plaintiffs"), by their undersigned counsel, hereby brings

this Complaint against Defendants Charles D. Baker, solely in his official capacity as

Governor of the Commonwealth of Massachusetts ("Governor Baker"), Monica Bharel,

M.D., solely in her official capacity as Commissioner of the Department of Public Health

("Commissioner Bharel"), and the Commonwealth of Massachusetts (the

"Commonwealth") (collectively, the "Defendants"), and state and allege the following:

1.      This is an action seeking temporary, preliminary and permanent injunctive

relief, a declaratory judgment, and other appropriate relief to set aside as unconstitutional

the recent actions of the Defendants to ban the sale of electronic cigarettes, vapes,

vaporizers, vape pens, hookah pens, e-pipes and related products and components thereof

1

– known as electronic nicotine delivery systems ("ENDS") – in addition to so-called "e-liquids," which have been deemed safe and effective for marketing and use in the United States by the Food and Drug Administration ("FDA"), and are regulated by the FDA.

2.      The FDA regulates ENDS products pursuant to its authority set forth in the Tobacco Control Act ("TCA") and the Food, Drug, and Cosmetic Act ("FDCA").

3.      The "e-liquid" used in connection with many ENDS products may contain nicotine, as well as varying compositions of flavorings, propylene glycol, vegetable glycerin, and other ingredients. They do not include Vitamin E additives. The liquid is heated to create an aerosol that the user inhales.

4.      Notwithstanding that the FDA already has determined that the products sold by the Plaintiffs are approved for marketing and sale in the United States, Governor Baker recently issued an "emergency declaration" (the "Declaration") empowering Commissioner Bharel to issue an order prohibiting the sale of electronic cigarettes and related products and the components thereof (the "Ban"). The Ban on the entire class of products will only be lifted "[u]pon declaration by the governor that such emergency has terminated." See G.L. c. 17, § 2A.

5.      When the FDA issued rules and regulations relative to ENDS it rejected the idea of an outright ban on the entire class of electronic cigarettes and related products.

## PARTIES

6.      Plaintiff Mass Dynamics is a Massachusetts limited liability company, whose Manager is Behram Agha, with its principal place of business at 331 Front Street, Weymouth, Massachusetts. Mass Dynamics only sells electronic cigarettes and related products.

2

7.      Plaintiff Boston Vapor, LLC is a New Hampshire limited liability company, whose Manager is Mike Chance, and whose Registered Agent is Dena Chance, with its principal place of business located at 9 Leonard Lane, Salem, New Hampshire. Boston Vapor markets and sells ENDS products.

8.      Plaintiffs Linda and Jeffrey Vick doing business as Vick's Vape Shop maintain a principal place of business at 466B Salem Street, Medford, Middlesex County, Massachusetts. Vick's markets and sells ENDS products.

9.      Defendant Charles D. Baker is the Governor of the Commonwealth of Massachusetts. Governor Baker maintains an office at the Massachusetts State House, Office of the Governor, Room 105, Boston, Massachusetts 02133.

10.     Defendant Monica Bharel, M.D. is the Commissioner of the Massachusetts Department of Public Health. Upon information and belief, Commissioner Bharel maintains an office at the Massachusetts Department of Public Health, 250 Washington Street, Boston, Massachusetts, 02108.

11.     Defendant Commonwealth of Massachusetts is a body politic. Upon information and belief, the Commonwealth of Massachusetts maintains an office at the State House, Boston, Massachusetts 02133. The Office of the Massachusetts Attorney General ("AGO") is empowered to accept service on behalf of the Commonwealth. The AGO maintains an office at One Ashburton Place, Boston, Massachusetts. The Commonwealth is made a defendant solely for the purpose of imposing an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

12.     Jurisdiction in this Court is grounded upon and proper under 28 U.S.C. §

1331 in that this is a civil action arising under the laws of the United States; and 28

U.S.C. §§ 2201-2202 in that there exists between the Plaintiffs and the Defendants an

actual, justiciable controversy as to which the Plaintiffs require a declaration of its rights

by this Court as well as temporary, preliminary and permanent injunctive relief to

prohibit the Defendants from violating federal laws and regulations and abridging its

rights protected under the U.S. Constitution.

12.     Venue is proper in this Court under 28 U.S.C. § 1391 (b) because this is a

civil action in which the Defendants maintain their offices and conduct business in this

judicial district.  Moreover, a substantial part of the events giving rise to the claims herein

occurred within this judicial district.

13.     The Plaintiffs have standing to bring the present lawsuit because

Defendants' actions have caused the Plaintiffs actual injury, which is redressable through

the specific relief requested herein.  As family business owners purchasing and selling

ENDS and e-liquids through interstate commerce pursuant to their approval by the FDA,

the Plaintiffs' operations also fall within the zone of interests to be protected by the

Contract, Equal Protection, and dormant Commerce Clauses of the U.S. Constitution, as

well as 42 U.S.C. §§ 1983 and 1988, and general federal preemption principles.

14.     This case is ripe for adjudication.  As further discussed below, the

enforcement of the Declaration and Ban will result in an immediate and concrete invasion

of the Plaintiffs' legally protected interests under federal law.

4

## FACTUAL BACKGROUND

### Nature Of The Case

**A.     Statutory Process For FDA Regulation Of ENDS**

15.     Congress has vested the FDA with responsibility for reviewing and approving all tobacco products sold in the United States, including, but not limited to, ENDS.  To that end, the FDCA and the TCA require all ENDS products to be marketed and sold pursuant to FDA approval and regulation.  See 21 U.S.C. § 387; see also 21 CFR 1100, et seq; see also Federal Register, Vol. 81, No. 90 (May 10, 2016).

16.     The final deeming rule allowing the FDA to regulate ENDS pursuant to the FDCA and the TCA afforded the FDA "additional tools to reduce the number of illnesses and premature deaths associated with tobacco product use." See Federal Register, Vol. 81, No. 90 at 28975.

17.     The FDA obtains critical information regarding the health risks of ENDS products, including information derived from ingredients listing submissions and reporting of harmful and potentially harmful constituents ("HPHCs") required under the FDCA. Id.

18.     The FDA regulates and establishes compliance programs for ENDS manufacturing establishments. Id.

19.     The FDA is empowered to take enforcement action against ENDS manufacturing establishments to prevent underage marketing and sales, and for the protection of public health. Id.

5

20.     The FDA's regulatory tools include adulteration and misbranding provisions protecting consumers by subjecting all ENDS products to certain basic requirements.

21.     The FDA's regulatory tools further increase product consistency and help protect the public health from adverse impacts.  For example, FDA oversight of the constituents in e-liquids and ENDS ensure quality control over the types and quantities of chemicals being aerosolized and inhaled.  Id. at 28984 citing, 79 FR 23142 at 23149.

22.     The FDA is empowered to take enforcement action against any ENDS products and e-liquids that do not meet these requirements.  Id.

**B.      The Plaintiffs' Contracts**

23.     The Plaintiffs maintain contracts with in-state wholesalers who supply, and retailers who operate, Massachusetts ENDS and e-liquid shops.

24.     The Plaintiffs maintain contracts with Massachusetts landlords.

25.     The Plaintiffs maintain contracts with out-of-state wholesalers that supply Massachusetts retailers with ENDS products and e-liquids.

**C.      Governor Baker's Declaration of a Public Health Emergency**

26.     On September 24, 2019, Governor Baker issued a two-page Declaration of Emergency pursuant to G.L. c. 17, § 2A, citing general concerns about an ENDS crisis and concluding that an emergency exists, which is detrimental to the public health in Massachusetts.

27.     On or around September 24, 2019, the Commissioner enacted the Ban.

28.     The Declaration and the Ban came as a surprise to the Plaintiffs; they were never consulted before the Declaration issued.  Moreover, the Plaintiffs were surprised

because the Commonwealth placed itself squarely in opposition to the FDA's expert

determination that the Plaintiffs' products were approved and regulated under federal

law, placing the Commonwealth squarely in opposition with the same.

29.     The Defendants' ban will have an impact on customers, wholesalers and

other individuals and corporations beyond the borders of the Commonwealth of

Massachusetts, including but not limited to, owners of real property leasing space to the

Plaintiffs' and others.

**D.      The Need For Prompt Judicial Intervention**

30.     The Defendants' actions will cause real and irreparable harm for the

Plaintiffs, their customers, their vendors, their landlords, their employees and their

families.

31.     Without access to ENDS products and e-liquids that are approved and

regulated will be forced to return to smoking cigarettes or obtain unregulated ENDS

products and e-liquids by other means.

32.     The United States Center for Disease Control ("CDC") has stated that

illegal, unregulated products have caused the majority of the 805 suspected cases of

illness nationwide.

33.     All of the products sold by the Plaintiffs are regulated by the FDA and

certified by laboratories according to FDA standards.

34.     The Plaintiffs have invested substantial time and money into building their

business.

35.     The Plaintiffs and their employees rely on the revenue generated by the

sales of ENDS products and e-liquids to meet the demands of daily living, including, but

7

not limited to, the purchase of gas, groceries, rent and mortgage payments, car payments, daycare, & c.

36.     After the imposition of the Ban, the Plaintiffs have not been able to benefit from the revenue from the sale of ENDS products and e-liquids.  Thus, the Plaintiffs are unable to direct such revenue towards the payments of rent, groceries, gas and daycare.

## CLAIMS FOR RELIEF

### COUNT I
### (United States Constitution:  Preemption)

37.     The Plaintiffs reallege, reassert, and incorporate by reference herein each of the allegations contained in paragraphs 1 through 36 of this Complaint as though set forth fully herein.

38.     The Supremacy Clause of the United States Constitution provides that federal laws made under the authority of the United States shall be the "supreme law of the land," the laws of any state to the contrary notwithstanding.  U.S. CONST. art. VI, § 2.

39.     The Supremacy Clause mandates that federal law preempts any state regulation that poses an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

40.     Under the FDCA and the TCA, Congress has delegated to the FDA the authority to protect and promote the public health by approving for public use ENDS products and e-liquids.

41.     Under the FDCA and the TCA, Congress has delegated to the FDA the authority to protect and promote the public health by regulating ENDS products and e-liquids for purchase and sale in the United States.

8

42.     The Ban broadly prohibits the marketing and sale of ENDS products and e-liquids until the Governor has determined that the "public health emergency has terminated."

43.     Taken as a whole, the Ban represents an impermissible effort by Massachusetts to establish its own ENDS and e-liquids regulatory and enforcement policy and directly regulate the marketing and sale of ENDS and e-liquids within the Commonwealth of Massachusetts.  It conflicts with the FDA's mandate under the FDCA and the TCA, disregards federal policies, undermines the FDA's comprehensive regulatory scheme for nationally-effective tobacco regulation and enforcement, and otherwise impedes the accomplishment and execution of the full purposes and objectives of federal law.

44.     The Ban also specifically undermines the FDA's assessment that the ENDS products and e-liquids that it regulates are safe and effective for their intended use and may be distributed in all fifty states.  By enacting and enforcing the Ban, the Defendants have impeded the FDA's congressional mandate to approve a range of safe treatments to promote the public health.

45.     Plaintiffs have not adequate remedy at law for the violation of the Supremacy Clause.

46.     The Ban will cause substantial, imminent, and irreparable injury to the Plaintiffs unless the Declaration is vacated and the Defendants are enjoined from enforcing the Ban.

WHEREFORE, the Plaintiffs request that this Court enter an Order vacating the Declaration, preventing the enforcement of the Ban, issuing injunctive relief, awarding

9

the Plaintiffs monetary damages and reasonable attorneys' fees and costs, and any other such relief as this Court deems just and fair.

## COUNT II
### (United States Constitution:  Contract Clause)

47.     The Plaintiffs reallege, reassert, and incorporate by reference herein each of the allegations contained in paragraph 1 through 51 of this Complaint, as though set forth fully herein.

48.     The Contract Clause of the United States Constitution provides that no state shall pass any law "impairing the obligations of contracts." U.S. CONST. art. I, § 10, cl. 1.

49.     The Ban broadly bans the marketing and sale of ENDS products and e-liquids in the Commonwealth of Massachusetts.

50.     The Plaintiffs have valid contracts with wholesalers who supply ENDS products and e-liquids to retailers in the Commonwealth of Massachusetts.  Because the subject matter has become illegal under the Ban, these contracts between the Plaintiffs and their wholesalers are now substantially impaired.  The Ban also will impair the Plaintiffs ability to make payments to these wholesalers.

51.     The Plaintiffs also have contracts with landlords for the rental of their shop's retail spaces.  The Ban irretrievably frustrates the purpose of the lease agreements and impairs the Plaintiffs ability to receive the benefits for which they bargained for.

52.     For the reasons set forth herein, the Ban does not reflect a significant and legitimate public purpose.  The Defendants have not appropriately explained the contours of a public emergency necessitating the drastic step it has taken.  Furthermore, it applies only to ban ENDS products and e-liquids while ignoring the unique advantages of ENDS

10

products and e-liquids to other tobacco products, which are also regulated by FDA
pursuant to the FDCA and the TCA.

53.     For the reasons set forth herein, the Ban is not based upon reasonable
conditions and is not of a character appropriate to the Defendants' stated public purpose.
The Ban is *ultra vires* and could never be adequately tailored, to the extent that the
Defendants lack authority to issue the Declaration and Ban in the first place.  Moreover,
it is too grossly under- and over-inclusive to reflect any level of tailoring, on its own
terms.

54.     The Plaintiffs have no adequate remedy at law for the violation of the
Contracts Clause.

55.     The Ban will cause substantial, imminent, and irreparable injury to the
Plaintiffs unless the Declaration is vacated and the Defendants are enjoined from
enforcing the Ban.

WHEREFORE, the Plaintiffs request that this Court enter an Order vacating the
Declaration, preventing the enforcement of the Ban, issuing injunctive relief, awarding
the Plaintiffs monetary damages and reasonable attorneys' fees and costs, and any other
such relief as this Court deems just and fair.

## COUNT III
### (United States Constitution:  Commerce Clause)

56.     The Plaintiffs reallege, reassert, and incorporates by reference herein each
of the allegations contained in paragraph 1 through 55 of this Complaint, as though set
forth fully herein.

57.    The Commerce Clause of the U.S. Constitution prevents a state from taking any action which may fairly be deemed to have the effect of impeding the free flow of trade between the states.

58.    Congress has empowered the FDA to promulgate regulations regarding tobacco products, including ENDS and e-liquids, for introduction into interstate commerce. See 21 U.S.C. 387(j).

59.    Tobacco regulation, which includes ENDS and e-liquids, is an arena that is inherently national in nature in that the FDA has long set uniform standards for tobacco regulation across all states.

60.    The Ban imposes significant burdens on interstate commerce because it interferes with the FDA's national and uniform system of regulation.  If the Commonwealth of Massachusetts is allowed to make determinations as to what tobacco products are appropriate for marketing and sale, the result will be a patchwork of state-specific regulation governing how tobacco products are designed and formulated that would effectively eviscerate the mission of the FDA and create 50 different (and potentially conflicting) sets of rules for deciding what constitutes the proper regulation of tobacco products, including, but not limited to, ENDS and e-liquids.

61.    The Ban also imposes significant burdens on interstate commerce because it harms wholesalers, vendors, landlords and customers living and working in Massachusetts, as well as wholesalers, vendors, landlords and customers living and working outside of Massachusetts.  Because the Plaintiffs are prohibiting from selling ENDS and e-liquids, they have been denied the benefit of the bargain with their customers, vendors, wholesalers, and landlords.

12

62.     The burden imposed on interstate commerce is clearly excessive in relation to the putative local benefits touted by the Defendants.  The total prohibition on the purchase and sale of ENDS and e-liquids is the most excessive form of action that can be taken.  By contrast, the putative local benefits of limiting opioid abuse are both hypothetical and minimal, given the FDA's consideration of the issue and decision to regulate the subjects products for sale and use, and enforce the unlawful distribution of illegal THC e-liquids that contain harmful Vitamin E additives.

63.     The Plaintiffs have no adequate remedy at law for the violation of the Commerce Clause.

64.     The Ban will cause substantial, imminent, and irreparable injury to the Plaintiffs unless the Declaration is vacated and the Defendants are enjoined from enforcing the Ban.

WHEREFORE, the Plaintiffs request that this Court enter an Order vacating the Declaration, preventing the enforcement of the Ban, issuing injunctive relief, awarding the Plaintiffs monetary damages and reasonable attorneys' fees and costs, and any other such relief as this Court deems just and fair.

## COUNT IV
### (United States Constitution:  Regulatory Taking)

65.     The Plaintiffs reallege, reassert, and incorporate by reference herein each of the allegations contained in paragraphs 1 through 64 of this Complaint as though set forth fully herein.

66.     The Fifth and Fourteenth Amendments to the United States Constitution prevent the Commonwealth of Massachusetts from taking private property without just compensation.  U.S. CONST. Fifth Amendment, Fourteenth Amendment.

13

67.     The issue of regulatory takings arises from the interaction between the exercise of traditional police power and the exercise of eminent domain.  However, when the regulation goes too far, it will be judicially recognized as the equivalent of a taking which may not take place without payment of just compensation to the property's owner.

68.     Here, the Declaration has gone too far because it is arbitrary and capricious, and the Ban has gone too far because it has denied the Plaintiffs the fundamental due process ingredients of notice and opportunity.

69.     The Defendants have also violated the Supremacy Clause, the Contracts Clause and the Commerce Clause of the United States Constitution by issuing the Declaration and enforcing the Ban.

70.     The Ban will cause substantial, imminent and irreparable harm to the Plaintiffs unless the Declaration is vacated and the Defendants are enjoined from enforcing the Ban.

WHEREFORE, the Plaintiffs request that this Court enter an Order vacating the Declaration, preventing the enforcement of the Ban, issuing injunctive relief, awarding the Plaintiffs monetary damages and reasonable attorneys' fees and costs, and any other such relief as this Court deems just and fair.

## COUNT V
### (Violation of 42 U.S.C. 1983)

71.     The Plaintiffs reallege, reassert, and incorporate by reference herein each of the allegations contained in paragraphs 1 through 70 of this Complaint as though set forth fully herein.

72.     42 U.S.C. § 1983 prohibits the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

14

73.     The Defendants have violated 42 U.S.C. § 1983 by depriving the Plaintiffs' of their rights under the Supremacy Clause, the Contracts Clause, the Commerce Clause of the United States Constitution, and the Fifth and Fourteenth Amendments of the same by issuing the Declaration and enforcing the Ban, as described is this Complaint.

74.     The Ban will cause substantial, imminent and irreparable harm to the Plaintiffs unless the Declaration is vacated and the Defendants are enjoined from enforcing the Ban.

WHEREFORE, the Plaintiffs request that this Court enter an Order vacating the Declaration, preventing the enforcement of the Ban, issuing injunctive relief, awarding the Plaintiffs monetary damages and reasonable attorneys' fees and costs, and any other such relief as this Court deems just and fair.

### COUNT VI
### (Declaratory Judgment:  M.G.L. c. 17, § 2A)

75.     The Plaintiffs reallege, reassert, and incorporate by reference herein each of the allegations contained in paragraphs 1 through 74 of this Complaint as though set forth fully herein.

76.     An actual controversy capable of judicial resolution exists between the parties as to whether the Declaration and the Ban are constitutional and enforceable by the Defendants.

77.     The Plaintiffs are entitled to a declaratory judgment that the Declaration must be vacated, because it was issued in an arbitrary and capricious manner, thereby violating the Governor's authority to issue the Declaration.

15

78.    The Plaintiffs are entitled to a declaratory judgment that the enforcement
of the Ban is a violation of the Defendants' authority.

WHEREFORE, the Plaintiffs request that this Court enter an Order vacating the
Declaration, preventing the enforcement of the Ban, issuing injunctive relief, awarding
the Plaintiffs monetary damages and reasonable attorneys' fees and costs, and any other
such relief as this Court deems just and fair.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray for the following relief:

A.    A declaration pursuant to 28 U.S.C. § 2201 that the Governor's and
Commissioner's conduct in effectuating the Ban on ENDS and e-liquids violates the
United States Constitution;

B.    A declaration that the Defendants violations of the Constitution also
constituted a violation of 42 U.S.C. § 1983, and an award of damages pursuant to said
statute;

C.    Temporary, preliminary and permanent injunctive relief and/or a final
order enjoining the Defendants from implementing or enforcing the Declaration, the Ban,
or any other action banning the purchase and sale of ENDS products or e-liquids.  In the
alternative, temporary, preliminary and permanent injunctive relief and/or a final order
vacating the Governor's Declaration of Emergency, the Commissioner's Ban, and any
other conduct undertaken by or at the direction of the Defendants relating to the
Commonwealth's effort to ban ENDS products and e-liquids;

D.    An award of costs and expenses, including reasonable attorney's fees
against the Commonwealth pursuant to 42 U.S.C. § 1988; and

16

E.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial of any and all issues triable of right before a

jury.

                                        Respectfully submitted,

                                        PLAINTIFFS,
                                        MASS DYNAMICS, LCC,
                                        BOSTON VAPOR, LLC, and
                                        LINDA AND JEFFREY VICK d/b/a
                                        VICK'S VAPE SHOP,
                                        By their attorneys,


                                        /s/ Craig E. Rourke


                                        _____
                                        Craig E. Rourke, BBO# 665643
                                        Rourke Law Office, P.C.
                                        325 Central Street
                                        Saugus, MA 01906
                                        (617) 553-9111
                                        crourke@craigrourke.com

Dated:  September 29, 2019

17

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed with the Office of the Civil Clerk for the United States District Court, District of Massachusetts, via electronic means, on September 29, 2019:

_____/s/ Craig E. Rourke_____
Craig E. Rourke

18