UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASS DYNAMICS, LLC, BOSTON VAPOR, LLC, and LINDA AND JEFFREY VICK d/b/a VICK'S VAPE SHOP,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES D. BAKER, in his official capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, MONICA BHAREL, M.D., in her official capacity as DEPARTMENT OF PUBLIC HEALTH COMMISSIONER, and COMMONWEALTH OF MASSACHUSETTS,<br><br>Defendants. | CIVIL ACTION<br>NO. 19-12035-IT |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION AND CANCEL EVIDENTIARY HEARING**

On October 2, 2019, the plaintiffs in this case filed an amended complaint and motion for temporary restraining order and/or preliminary injunction, claiming a "need for immediate judicial intervention" by this Court to enjoin the Emergency Order banning the sale of e-cigarette products that is at issue in this case. ECF No. 6, at 3. Plaintiffs claim that unless the Emergency Order is enjoined immediately, they will have to close their businesses. *See id.*

This Court thus held a hearing two days later, on October 4, on plaintiffs' motion for a temporary restraining order. Later the same day, another set of plaintiffs—who had also filed a motion for temporary restraining order in this Court and were heard on October 4—filed a separate complaint and motion for temporary restraining order and/or preliminary injunction in Massachusetts state court. *Vapor Technology Ass'n v. Baker*, No. 1984CV03102 (Suffolk

Superior Court). That court held an initial hearing on those plaintiffs' motion on October 8, and then held a further hearing on October 9 to take live witness testimony. That court continued the matter until Friday, October 18, for further witness testimony. It is unclear whether the hearing will conclude on that date, or will continue into the following week to take further witness testimony.

What is clear, however, is that the plaintiffs in this case are now seeking to halt proceedings in this Court—which as recently as last week they claimed required immediate action by this Court—to allow a later-filed state-court action by other plaintiffs to proceed to conclusion. And they made this request only after the defendants filed, today, a 26-page opposition to their motion for preliminary injunction. ECF No. 23. This motion to withdraw the preliminary injunction motion and cancel the hearing scheduled for next Tuesday can only be explained in one way—plaintiffs perceive that the prospects of success are greater in the state-court case than they are in this case, and they wish to allow the later-filed state-court case to reach a conclusion before this Court rules on their motion for preliminary injunction in this case.

Notably, plaintiffs in this case they are not dismissing this action, but instead suddenly wish to "proceed in the normal course to adjudication with the benefit of discovery and a more complete record as to its significant federal constitutional issues" at issue here, ECF No. 25, at 1, notwithstanding their protestations only last week of an emergency that could not wait another day without this Court's intervention, and the fact that the Emergency Order, by its terms, lasts for only four months, or until the cause of the public health emergency is conclusively identified.

Even putting aside these points, it would be more efficient to proceed with this action next Tuesday, rather than wait until next Friday or sometime the following week for the state court to conclude its hearing on the other plaintiffs' preliminary injunction motion. The

defendants, having been subject to multiple lawsuits in this Court and state court over the legality of an order intended to address a public health emergency, are entitled to a conclusive resolution of these legal challenges, and sooner rather than later, so that if the Emergency Order is upheld, they can focus their attention on identifying the cause of the crisis as quickly as possible; and if the order is enjoined, so that defendants can pursue emergency appellate measures in defense of the order.

It may be that defendants cannot stop the plaintiffs from withdrawing their motion for a preliminary injunction in this Court. But at a minimum, the defendants wish to make plain to the Court the purely tactical, opportunistic nature of the motion that plaintiffs just filed, so that the Court can take whatever action it deems appropriate and just.

Respectfully submitted,

GOVERNOR CHARLES D. BAKER,
COMMISSIONER MONICA BHAREL,
and COMMONWEALTH OF
MASSACHUSETTS,

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Timothy J. Casey*
Timothy J. Casey, BBO # 650913
Julia Kobick, BBO # 680194
Amy Spector, BBO #557611
Assistant Attorneys General
One Ashburton Place
Boston, Massachusetts 02108
617-963-2076
amy.spector@mass.gov

October 11, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above memorandum of law, which I filed electronically through the Court's electronic case filing system on October 11, 2019, will be sent electronically to all parties registered on the Court's electronic filing system.

                                                */s/ Timothy J. Casey*