UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASS DYNAMICS, LLC, BOSTON VAPOR, LLC, LINDA AND JEFFREY VICK d/b/a VICK'S VAPE SHOP, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 19-cv-12035-IT |
| CHARLES D. BAKER, in his official capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, MONICA BHAREL, M.D., in her official capacity as DEPARTMENT OF PUBLIC HEALTH COMMISSIONER, and COMMONWEALTH OF MASSACHUSETTS, | * * * * * * * * * | |
| Defendants. | * | |

ORDER

October 11, 2019

TALWANI, D.J.

On September 24, 2019, Governor Charles Baker issued an emergency declaration under

Mass. Gen. Laws ch. 17, § 2A, that "an emergency exists which is detrimental to the public

health in the Commonwealth." See Governor's Declaration of Emergency [#24-16]. That same

day, the Commissioner of the Department of Public Health ("DPH"), Dr. Monica Bharel, issued

an Order banning the sale and display of vaping products in the Commonwealth ("Emergency

Order"). Order of the Commissioner of Public Health 1 [#24-19]. The prohibition took effect

immediately and is set to "remain in effect, unless extended with the approval of the Governor

and the Public Health Council, through January 25, 2020," unless otherwise rescinded by the

Commissioner. Id. at 2.

1

Plaintiffs filed this action against Governor Baker, Commissioner Bharel, and the Commonwealth on September 29, 2019, and filed an Amended Complaint [#4] on October 2, 2019. Plaintiffs alleged that the Emergency Order violated the Commerce Clause, the First Amendment, the Supremacy Clause, the Contracts Clause, and the Takings Clause of the federal Constitution. Am. Compl. 33-36 [#4]. Plaintiffs also alleged that they had been deprived of their rights under the federal Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983 and that they were entitled to a declaratory judgment that the Governor's Declaration and the Emergency Order were arbitrary and capricious and not within the authority of the Governor and the DPH Commissioner. Id. at 36-38.

On October 2, 2019, Plaintiffs also filed a Motion for Temporary Restraining Order and Preliminary Injunction [#5] on the basis that, absent an injunction, Plaintiffs would suffer irreparable harm. See Pls. Mem. 3 [#6]. Concurrently, Plaintiffs filed an Emergency Motion for Hearing [#8] to hear argument on the request for a temporary restraining order. Plaintiffs requested that hearing on their motion be set for the same time as a previously scheduled hearing in this session in Vapor Tech. Assoc. v. Baker, No. 19-cv-12035-IT. The court granted Plaintiffs' request and set the Motion for Temporary Restraining Order [#5] for hearing to take place October 4, 2019. See Elec. Notice [#9].

Following the hearing, this court denied Plaintiffs' Motion for Temporary Restraining Order [#5] on the grounds the Plaintiffs had failed to demonstrate a threat of irreparable harm. See Elec. Order, issued Oct. 4, 2019 [#17]. Having failed to establish a threat of irreparable harm, the court did not reach the merits of Plaintiffs' claims. See id. The court scheduled an evidentiary hearing for October 15, 2019, to hear argument and take evidence concerning the Plaintiffs' request for a preliminary injunction.

On October 10, 2019, the court directed Defendants to file any opposition to the Motion for Preliminary Injunction no later than 1:00 p.m. on Friday, October 11, 2019. Defendants' requested leave to file a 26-page memorandum to address Plaintiffs' five different constitutional claims. Defendants' counsel reported that Plaintiffs had assented to this request, and the court allowed the additional pages. See Elec. Order [#22]

On Friday, October 11, 2019, Defendants filed their 26-page Opposition [#23], along with an affidavit and 33 Exhibits. Three hours later, Plaintiffs filed a Motion to Withdraw Motion for Preliminary Injunction and Cancel the Evidentiary Hearing [#25] "so that the case may proceed in the normal course to adjudication with the benefit of discovery and a more complete record as to its significant federal constitutional issues." Plaintiffs now report that "an evidentiary hearing is already under way in a related state case based on state-law claims." Id. (referencing Vapor Tech. Assoc. v. Baker, 1984 CV 03102 (Suffolk Super. Ct.)). Plaintiffs also stated that they have a related matter pending in Suffolk Superior Court, Vapor Zone v. Mass. Dep't of Public Health, No. 1984 CV 03023 (Suffolk Super. Ct.). It is not apparent how "Vapor Zone" is related the Plaintiffs named in this action and Plaintiffs have not responded to this court's inquiry as to that matter.

The court imposed a demanding schedule on Defendants in order to accommodate Plaintiffs' request for urgent consideration of their Motion for a Preliminary Injunction [#5]. While Plaintiffs are free to withdraw their request for preliminary injunctive relief, the court has taken note that counsel has provided no explanation for waiting until after Defendants met the court's accelerated briefing schedule before filing his motion.

Plaintiffs' Motion to Withdraw [#25] is GRANTED and the motion is considered withdrawn. A scheduling conference will be held on October 15, 2019, at 10:00 a.m. in lieu of the evidentiary hearing.

IT IS SO ORDERED.

October 11, 2019                                      /s/ Indira Talwani
                                                     United States District Judge