COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
CIVIL ACTION NO:

| | |
|---|---|
| VAPOR ZONE,<br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH, PUBLIC HEALTH COUNCIL, MONICA BHAREL, M.D. as Commissioner of Public Health, DEREK BRINDISI, as Member of Public Health Council, HAROLD COX, as Member of Public Health Council, EDWARD BERNSTEIN, MD, as a Member of Public Health Council, PAUL LANZIKOS, as a Member of the Public Health Council, LUCILIA PRATES-RAMOS, as a Member of the Public Health Council, LISETTE BLONDET, as a Member of the Public Health Council, MICHAEL KNEELAND, as a Member of the Public Health Council, JOANNA LAMBERT, as a Member of the Public Health Council, JOHN CUNNINGHAM, as a Member of the Council, KEITH HOVAN, as a Member of the Public Health Council, MICHELE DAVID, as a Member of the Public Health Council, and, FRANCISCO URENA, as a Member of the Public Health Council<br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### **THE PARTIES**

1. Plaintiff Vapor Zone is a business entity conducting trade or commerce in the commonwealth with a last and usual place of business located at 100 Independence Way, Danvers, Essex County, Massachusetts, and in the business of retail sales and advertising of electronic cigarette vaporizers and related products and components thereof.

1

2. Defendant Massachusetts Department of Public Health is a state agency with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

3. Defendant Public Health Council is a governmental council with a usual place of business located at 250 Washington Street, 2nd Floor, Boston, Massachusetts.

4. Defendant Monica Bharel, MD, is the Commissioner of the Massachusetts Department of Public Health, and the Chair of the Public Health Council, with a usual places of business located at 250 Washington Street, Boston, Massachusetts.

5. Defendant Derek Brindisi, MPA, RS, is a member of the Public Health Council, with a usual place of business located 250 Washington Street, Boston, Massachusetts.

6. Defendant Harold Cox, MSSW, is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

7. Defendant Edward Bernstein, MD, is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

8. Defendant Paul Lanzikos, MBA, is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

9. Defendant Lucilia Prates-Ramos is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

10. Defendant Lissette Blondet is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachuetts.

11. Michael Kneeland, MD, is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

12. Joanna Lambert is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

13. John Cunningham, PhD, is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

14. Keith Hovan is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

15. Michele David, MD, MBA, MPH, is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

16. Francisco A. Urena is a member of the Public Health Council, with a usual place of business located at 250 Washington Street, Boston, Massachusetts.

## FACTS

17. Vapor Zone is a small business that sells only electronic vaporizer cigarettes and components at the Liberty Tree Mall in Danvers, Massachusetts.

18. On or around September 24, 2019, Governor Charles D. Baker ("Governor Baker") signed a document that was entitled, "Governor's Declaration of Emergency" (the "Declaration").

19. On or around September 24, 2019, the defendant members of the Public Health Council and Governor Baker granted approval to the Commissioner (the "Commissioner") of the Department of Public Health ("DPH") to take action and incur liabilities with respect to establishing procedures to ban the sale of electronic vaporizer cigarettes within the Commonwealth of Massachusetts for a period of four months time (the "Ban").

20. On or around September 25, 2019, Vapor Zone received notice that is prohibited from selling its products pursuant to the Ban.

21. As of September 25, 2019, DPH had failed to file the agency's findings regarding the Declaration that an "emergency" regulation was required, together with a brief statement of the reasons for the findings with the Massachusetts Secretary of State.

## COUNT I – DECLARATORY JUDGMENT

22. Plaintiff restates and realleges the allegations set forth above as if fully stated herein.

23. An actual controversy capable of judicial resolution exists between the parties as to whether the Declaration and Ban are binding upon the Plaintiff and enforceable by the Defendants.

24. The Plaintiff is entitled to a declaratory judgment that the Declaration is non-binding, and the Ban is not enforceable by the Defendants.

25. The Plaintiff is entitled to a declaratory judgment that the Declaration is a violation of Governor Baker's authority to declare an "emergency."

26. The Plaintiff is entitled to a declaratory judgment that the Ban is a violation of DPH's and the Commissioner's authority.

27. The Plaintiff is entitled to a declaratory judgment that the Declaration is arbitrary and capricious.

28. The Plaintiff is entitled a declaratory judgment that the Ban was enacted and enforced without sufficient notice and opportunity, denying the Plaintiff the right to a public hearing.

29. The Plaintiff is entitled to a declaratory judgment that the Defendants violated G.L. c. 17, sec. 2A.

30. The Plaintiff will suffer irreparable harm to the extent that this Court does not grant it declaratory relief.

**WHEREFORE**, Vapor Zone, requests that this Court enter an Order:

A. Declaring that the Declaration is void;

B. That the Defendants cannot enforce the Ban;

C. That the Defendants pay the Vapor Zone's costs and reasonable attorneys' fees incurred in the prosecution of this action; and,

D. Injunctive Relief;

E. For other such relief as this Court deems just and fair.

## JURY DEMAND

Plaintiff, Vapor Zone, demands a jury as to all facts, issues and claims so triable.

                                                         Respectfully submitted,

                                                         PLAINTIFF,
                                                         VAPOR ZONE,
                                                         By its attorney,

                                                         */s/ Craig E. Rourke*
                                                         Craig E. Rourke, BBO# 665643
                                                         Cheryl Jacques, BBO# 550896
                                                         Rourke Law Office, P.C.
                                                         325 Central Street
                                                         Saugus, MA 01906
                                                         (617) 553-9111
                                                         crourke@craigrourke.com

Dated: 9/26/19

## CERTIFICATE OF SERVICE

I, Craig E. Rourke, hereby certify that on this 26 day of September 2019, I delivered a copy of the forgoing to the Office of the Civil Clerk in compliance with the Massachusetts Rules of Civil Procedure.

_____
Craig E. Rourke